IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 21-mj-8136-JPO ) |
| REIONE CHATMON, | ) ) ) |
| Defendant. | ) |

### CRIMINAL COMPLAINT

I, Jakob Blackman, a Task Force Officer (TFO) with the Bureau of Alcohol, Tobacco, and Firearms (ATF), being duly sworn, state the following is true and correct to the best of my knowledge and belief.

### COUNT 1

On or about June 23, 2021, in the District of Kansas, the defendant,

**REIONE CHATMON,**

knowingly and intentionally distributed a mixture and substance containing a detectable amount of fentanyl, a controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) & (b)(1)(C).

### COUNT 2

On or about June 23, 2021, in the District of Kansas, the defendant,

**REIONE CHATMON,**

knowingly and intentionally distributed marijuana, a controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) & (b)(1)(D).

1

## COUNT 3

On or about June 23, 2021, in the District of Kansas, the defendant,

**REIONE CHATMON,**

knowing he had been previously convicted of crimes punishable by imprisonment for a term exceeding one year, to wit: in 2019, of Criminal Possession of a Firearm, in Wyandotte County, Kansas, District Court Case No. 2019-CR-001067; and, in 2020, of Attempted Criminal Discharge of a Firearm at an Occupied Building or Vehicle, in Wyandotte County, Kansas, District Court Case No. 2019-CR-001387; knowingly and unlawfully possessed in and affecting interstate and foreign commerce, a firearm, that is, a Glock .40 caliber pistol, Model 22, with serial number LGT561, and ammunition.

In violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

## COUNT 4

On or about June 23, 2021, in the District of Kansas, the defendant,

**REIONE CHATMON,**

knowingly possessed a Glock .40 caliber pistol, Model 22, with serial number LGT561, in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, distribution of a mixture and substance containing a detectable amount of fentanyl and distribution of marijuana, both controlled substances, as charged in Counts 1 and 2.

In violation of Title 18, United States Code, Section 924(c)(1)(A).

The following facts were made known to me by personal observation or from information that I received from other law enforcement officers, and/or from other individuals:

2

1. I, Jakob Blackman, a detective with the Kansas City, Kansas Police Department (KCKPD) and currently assigned to the Bureau of Alcohol, Tobacco, and Firearms (ATF) as a task force officer (TFO.) I have investigated numerous crimes to include federal firearm violations.

2. On March 10, 2021, an ATF undercover agent (UC) was introduced to an individual named Reione CHATMON (B/M, 09-05-2000) in hopes of purchasing marijuana from CHATMON. Kansas City Kansas Police Department (KCKPD) and Federal Bureau of Investigation (FBI) Task Force Officer (TFO) O'Neill facilitated the introduction with CHATMON utilizing an undercover social media account.

3. The ATF UC was able to communicate with CHATMON, via cellular phone, and began purchasing marijuana from CHATMON. Between March 10, 2021 and May 4, 2021, the ATF UC conducted four controlled marijuana purchases with CHATMON. The ATF UC purchased approximately one-ounce quantities of marijuana from CHATMON in Kansas City Kansas (District of Kansas.) After each of the four purchases, the suspected marijuana was tested and tested positive for the presumptive presence of THC.

4. On May 24, 2021, the ATF UC again met with CHATMON and purchased 10 blue Percocet pills, stamped "M30," believed to contain fentanyl. On the same day, the ATF UC was provided approximately 7 grams of marijuana CHATMON had shorted the ATF UC on a previous deal. The blue "M30" pills were submitted to the Johnson County Crime Laboratory and later tested positive for the presence of fentanyl.

5. Members of the ATF believed CHATMON possessed a firearm during the previous controlled purchases, based on communications he made to the ATF UC throughout the investigation.

The ATF UC also observed a bulge in the CHATMON's waistband on an earlier deal, but the UC was unable to observe the firearm.

### June 23, 2021 Arrest of CHATMON

6. On June 22, 2021, the ATF UC sent a text message to CHATMON's cellular phone, inquiring if CHATMON had any "blues" left. The ATF UC used a blue circle emoji, which represented a blue pill. Based on the ATF UC's training and experience, the UC knew "blues" was a common term to describe Percocet/M-30 pills containing fentanyl. CHATMON responded, via text message, and told the ATF UC he did and asked how many the ATF UC needed. The ATF UC messaged back via cellular phone with the following: *"Hm for 10 blue and an O."* This is often common street terminology for an ounce ["O"] and 10 blue Percocets ["10 blue"] believed to contain fentanyl. CHATMON messaged the ATF UC the price of $380. After the communications, it was believed the ATF UC was going to purchase 10 Percocet pills (containing fentanyl) and one ounce of marijuana for $380.00. The deal was planned to take place the following day.

7. On June 23, 2021, the ATF UC received the following text message from CHATMON: *"You going to be ready later today"* and *"You still want it."* The ATF UC began communicating with CHATMON via text throughout the day and the deal was set to take place at the Hen House grocery store at 8120 Parallel Parkway, Kansas City, Kansas (District of Kansas.)

8. Members of the ATF briefed on the deal and planned to arrest CHATMON after the controlled purchase. At approximately 6:30 PM, the ATF UC arrived and parked the UC vehicle in the Hen House parking lot. The ATF UC messaged CHATMON that the ATF UC was at Hen House.

9. At approximately 6:25 PM, ATF TFO Ryan Fincher was positioned behind the Hen House parking lot, south of 8135 Greeley Avenue, Kansas City, Kansas. TFO Fincher concealed himself in a bush, which provided a vantage point of CHATMON's departure from the residence at 8135 Greeley Avenue. At approximately 6:33 PM, ATF TFO Fincher observed CHATMON walking from behind the residence of 8135 Greeley Ave, toward the Hen House parking lot. Surveillance personnel observed CHATMON walking south, along the west wall of the Hen House. CHATMON made contact with the ATF UC in the front of the Hen House grocery store.

10. The ATF UC and CHATMON entered the Hen House grocery store and began walking through the aisles. CHATMON placed a bag of pills and a bag of suspected marijuana in the ATF UC's purse. In exchange, the ATF UC provided CHATMON with $380.00. After the transaction, CHATMON and the ATF UC exited the front of Hen House. CHATMON walked west out of the Hen House grocery store. CHATMON then began jogging north along the west wall of the Hen House. ATF personnel were able to converge on CHATMON as he was jogging and took him into custody without incident.

11. ATF SA Alec Davis assisted in the arrest and located a Glock Model 22 .40 caliber pistol SN: LGT561 in CHATMON'S waistband. The firearm was equipped with a 22 round extended magazine, loaded with 20 .40 caliber bullets. One additional .40 caliber bullet was located in the chamber of the firearm, totaling 21 bullets in the gun.

12. The 10 blue pills, purchased by the ATF UC, were stamped with "M30." The pills appear to be similar to the pills purchased by the ATF UC on May 24, 2021, which later tested positive for the presence of fentanyl. The green leafy substance was field tested and tested positive for

the presumptive presence of THC. The bag of suspected marijuana weighed approximately 27 grams (gross.)

13. ATF Special Agents (SA) Brian Granger contacted ATF SA Steve Waters to obtain a verbal confirmation whether the Glock firearm CHATMON had in his possession had traveled in or affected interstate and/or foreign commerce. SA Waters confirmed verbally the firearm had traveled in or affected interstate and/or foreign commerce. A formal interstate nexus report will be completed in the future and submitted for discovery.

14. Your Affiant conducted a criminal history check for CHATMON, which revealed that on December 5, 2019, CHATMON was convicted in the Wyandotte County District Court (Case No. 2019CR1067) for Criminal Possession of a Firearm (FIP) and sentenced to an underlying 21 months imprisonment term, with 18 months of Community Corrections probation. On December 4, 2020, CHATMON also was convicted in the Wyandotte County, Kansas, District Court (Case No. 2019CR1387) for Attempted Criminal Discharge of a Firearm at an Occupied Building or Vehicle and sentenced to 16 months in the Kansas Department of Corrections. Consequently, based on CHATMON's previous state convictions, your Affiant believes CHATMON knew he was prohibited from possessing firearms on the date of the offense.

15. WHEREFORE, your affiant respectfully requests that an arrest warrant be issued authorizing the ATF, with appropriate assistance from other law enforcement officers, to arrest **Reione CHATMON** for the aforementioned violations of federal law.

_____
Detective Jakob Blackman
ATF Task Force Officer

Sworn to and attested by affiant, via telephone, after being submitted to me by reliable electronic means on June 25, 2021.

_____
HONORABLE JAMES P. O'HARA
Chief United States Magistrate Judge
District of Kansas

## PENALTIES

**Count 1: Distribution of a mixture and substance containing a detectable amount of fentanyl, a controlled substance, 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(C)**

- Punishable by a term of imprisonment of not more than twenty (20) years. 21 U.S.C. § 841(b)(1)(C).

- A term of supervised release of at least three (3) years. 21 U.S.C. § 841(b)(1)(C).

- A fine not to exceed $1,000,000. 21 U.S.C. § 841(b)(1)(C).

- A mandatory special assessment of $100.00. 18 U.S.C. § 3013(a)(2)(A).

If the defendant commits such a violation after a prior conviction for a felony drug offense has become final, the penalties are:

- A term of imprisonment of not more than thirty (30) years. 21 U.S.C. § 841(b)(1)(C).

- A term of supervised release of at least six (6) years. 21 U.S.C. § 841(b)(1)(C).

- A fine not to exceed $2,000,000. 21 U.S.C. § 841(b)(1)(C).

- A mandatory special assessment of $100.00. 18 U.S.C. § 3013(a)(2)(A).

**Count 2: Distribution of marijuana, a controlled substance, 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(D)**

- Punishable by a term of imprisonment of not more than five (5) years. 21 U.S.C. § 841(b)(1)(D).

- A term of supervised release of at least two (2) years. 21 U.S.C. § 841(b)(1)(D).

- A fine not to exceed $250,000. 21 U.S.C. § 841(b)(1)(D).

- A mandatory special assessment of $100.00. 18 U.S.C. § 3013(a)(2)(A).

If the defendant commits such a violation after a prior conviction for a felony drug offense has become final, the penalties are:

- A term of imprisonment of not more than ten (10) years. 21 U.S.C. § 841(b)(1)(D).

- A term of supervised release of at least four (4) years. 21 U.S.C. § 841(b)(1)(D).

- A fine not to exceed $500,000. 21 U.S.C. § 841(b)(1)(D).

- A mandatory special assessment of $100.00. 18 U.S.C. § 3013(a)(2)(A).

**Count 3: Felon in possession of a firearm, 18 U.S.C. §§ 922(g)(1) & 924(a)(2)**

- Punishable by a term of imprisonment of not more than ten (10) years. 18 U.S.C. § 924(a)(2).

- A term of supervised release of not more than three (3) years. 18 U.S.C. § 3583(b)(2).

- A fine not to exceed $250,000. 18 U.S.C. § 3571(b)(3).

- A mandatory special assessment of $100.00. 18 U.S.C. § 3013(a)(2)(A).

**Count 4: Possession of a firearm in furtherance of drug trafficking, 18 U.S.C. § 924(c)(1)(A)**

- Punishable by a term of imprisonment of not less than five (5) years and no more than life. 18 U.S.C. § 924(c)(1)(A)(i). This term of imprisonment runs consecutive to any other term of imprisonment imposed on the defendant. 18 U.S.C. § 924(c)(1)(D)(ii). If the defendant has a prior conviction for a violation of § 924(c)(1)(A), the instant offense is punishable by a term of imprisonment of not less than twenty-five (25) years and not more than life. 18 U.S.C. § 924(c)(1)(C)(i).

- A term of supervised release of not more than five (5) years. 18 U.S.C. § 3583(b)(1).

- A fine not to exceed $250,000. 18 U.S.C. § 3571(b)(3).

- A mandatory special assessment of $100.00. 18 U.S.C. § 3013(a)(2)(A).